# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STANLEY KUZMICKI,<br><br>               Plaintiff,<br><br>v.<br><br>SAMANTHA HANRAHAN, *et al.*,<br><br>               Defendants. | 3:17-cv-00342-RCJ-VPC<br><br><u>**REPORT AND RECOMMENDATION**</u><br><u>**OF U.S. MAGISTRATE JUDGE**</u> |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is Stanley Kuzmicki's ("plaintiff") application to proceed *in forma pauperis* (ECF No. 1) and *pro se* complaint (ECF No. 1-1). Having reviewed the record, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted, and that the complaint be dismissed as detailed below.

## I. *IN FORMA PAUPERIS* APPLICATION

As set forth in 28 U.S.C. § 1915(a), the court may authorize a plaintiff to proceed *in forma pauperis* if he or she is unable to pay the prescribed court fees. The plaintiff need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Rather, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). He states that his sole source of income derives from monthly disability payments, and that his only asset is an automobile. (ECF No. 1 at 1-2.) Though he does not list any expenses, requiring plaintiff to pay the $400.00 filing fee would surely impose a significant burden on his ability to pay for food, board, and other necessities of life. Based on the foregoing, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

## II. LEGAL STANDARD

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915 when reviewing the adequacy of a complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).

Under Rule 12(b)(6), the court must dismiss the complaint if it fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff must be given some notice of the deficiencies of his or her complaint, and leave to amend, unless the opportunity to amend would be futile. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Despite this leniency, a district court may in its discretion dismiss an *in forma pauperis* complaint if the claim "lacks an arguable basis in either law or fact." *Id.* This includes claims based on untenable legal conclusions (e.g., claims against defendants who are immune from suit) or fanciful factual allegations. *See Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## III. DISCUSSION

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against defendants Samantha Hanrahan ("S. Hanrahan"), David Hanrahan ("D. Hanrahan"), Warren R. Westad (Westad), Sergeant Shelly ("Shelly") and Brandon Gardner ("Gardner"). (ECF No. 1-1 at 2, 3.) Plaintiff's complaint is a single, continuous paragraph, and it does not identify the legal claims he is bringing. From what the court can discern, plaintiff alleges generally that S. Hanrahan, D. Hanrahan, and Westad improperly evicted plaintiff, and that Shelly and Gardner unlawfully obstructed plaintiff's access to the criminal justice system. Because of the complaint's lack of structure, the court will provide its analysis in three parts, first analyzing plaintiff's claims against Gardner, then his claims against Shelly, and, finally, his claims against S. Hanrahan, D. Hanrahan, and Westad.

### A. Gardner is Entitled to Absolute Immunity

Plaintiff's dispute with Gardner, a Churchill County Deputy District Attorney, appears to involve official memoranda in which Gardner denies plaintiff's request to file a criminal complaint against S. Hanrahan, D. Hanrahan, and Westad. (ECF No. 1-1 at 15.) Plaintiff alleges that Gardner also defamed plaintiff by referring to him as "Defendant" in the memoranda. (*Id.* at 16.) However, absolute immunity protects those activities undertaken by a prosecutor in his or her function as an advocate that are "intimately associated with the judicial phase of the process." *Imbler v. Pachtman*, 424 U.S. 409, 418-419, 424 (1976). Drafting and sharing memoranda regarding "whether and when to prosecute" a potential crime clearly falls into the category of protected activity. *Id.* at 431 n.33. Thus, plaintiff's claims against Gardner should be dismissed with prejudice because Gardner is entitled to absolute immunity from civil liability and amendment would be futile. 28 U.S.C. 1915(e)(2)(B)(iii); *see Cato*, 70 F.3d at 1106.

### B. Plaintiff Fails to State a Claim Against Shelly Upon Which Relief Can Be Granted

Plaintiff further alleges that in August 2013, Shelly, a police sergeant, refused to allow plaintiff to file a criminal complaint against an unidentified person who called plaintiff a "prick." (ECF No. 1-1 at 12.) Despite this accusation, plaintiff admits that Shelly listened to plaintiff's grievance. (*Id.*) After plaintiff demanded that Shelly charge the person with verbal assault, Shelly

notified plaintiff that such a charge was not viable. (*Id.*) In July 2015, Shelly again refused to file a criminal complaint, this time against S. Hanrahan and D. Hanrahan for forgery and fraud. (*Id.* at 13.) However, plaintiff admits that he complained to Shelly several times about S. Hanrahan's and D. Hanrahan's alleged crimes, leading Shelly to inform plaintiff that his dispute was a "civil matter" for which he should retain a lawyer or seek redress in small claims court. (*Id.* at 13). Plaintiff further admits that in August 2015, he went to the police station to pick up "reports in this case," that the police secretary gave him multiple police reports regarding his grievances, and that Shelly authored at least one of these reports. (*Id.* at 13, 14.) Even so, plaintiff maintains that Shelly's conduct constitute a violation of his civil rights. (*Id.* at 14.)

Applications to proceed *in forma pauperis* are governed by 28 U.S.C. 1915(e), which requires the court to dismiss the complaint if it fails to "state a claim on which relief can be granted." 28 U.S.C. 1915(e)(2)(B)(ii) (2012). A complaint is properly dismissed when the claim for relief is not "plausible on its face." *Twombly*, 550 U.S. at 570; *Resnick*, 213 F.3d at 447. A complaint will also fail to state a claim where it does not contain "a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3); *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008) (Federal Rule of Civil Procedure 8(a) applies to complaint brought *in forma pauperis*). In making this determination, courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Iqbal*, 556 U.S. at 679.

Here, plaintiff's allegations fail to state a plausible claim upon which relief can be granted. First, plaintiff's claim against Shelly is implausible. Plaintiff plainly contradicts his underlying assertion that Shelly did not allow plaintiff to lodge a criminal complaint. Indeed, plaintiff states that Shelly listened to plaintiff's criminal complaints on many occasions, and Shelly understandably became frustrated when plaintiff did not take Shelly's repeated suggestions to seek redress elsewhere. (ECF. No. 1-1 at 13.) Plaintiff also admits that there were multiple police reports created in response to plaintiff's discussions with Shelly. (*Id.* at 13, 14.) As such, plaintiff's assertion that Shelly impeded his right to the criminal justice system is defeated by his own admission. Any civil rights claim based on this assertion is implausible on its face. *Twombly*, 550 U.S. at 570. Second, plaintiff has not articulated any facts that specify a civil right

which Shelly may have violated. It appears to the court that plaintiff complained to Shelly about possible crimes, and that Shelly offered thoughts on how plaintiff should proceed in the civil context, albeit impolitely. At this point, plaintiff does not describe any conduct that gives rise to a civil rights claim. Finally, plaintiff wholly fails to identify the relief he seeks, further constraining the court's ability to assess his dispute with Shelly. Thus, the court recommends that plaintiff's claim against Shelly be dismissed without prejudice, with leave to amend to provide the plaintiff an opportunity to properly allege a civil rights claim. *See Cato*, 70 F.3d at 1106.

### C. Plaintiff's Claims Against S. Hanrahan, D. Hanrahan, and Westad Fail to State a Claim Upon Which Relief Can Be Granted

The complaint alleges that D. Hanrahan and S. Hanrahan, as on-site managers of plaintiff's apartment complex, and Westad, as the owner of plaintiff's apartment complex, improperly evicted plaintiff from his apartment. (ECF No. 1-1 at 3, 4.) Plaintiff also recounts various instances where defendants mistreated him. While most of these interactions appear innocuous, plaintiff alleges that D. Hanrahan called plaintiff a "'retard' followed by 'I'm joking'" at some point during the eviction process. (*Id.* at 5). Additionally, plaintiff alleges that D. Hanrahan and S. Hanrahan forged plaintiff's signature on a move-out inspection report following plaintiff's eviction. Plaintiff speculates that these instances of improper treatment constitute harassment, verbal assault, discrimination on the basis of his mental disability, and a violation of his civil rights, in addition to a slew of other legal conclusions asserted in the complaint. (*Id.* at 7, 8, 9, 11.)

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a demand for the relief sought. . . ." Fed. R. Civ. P. 8(a)(3). Here, plaintiff narrates various instances where defendants have treated him improperly, but wholly fails to identify the relief he is seeking. This is especially problematic for plaintiff's sole reference to federal law – 7 C.F.R. 3560.160, a regulation requiring low-income housing agents to follow certain grievance procedures – as this regulation does not specifically provide for a remedy. (ECF No. 1-1 at 3.) Dismissal on this ground alone is proper.

Moreover, plaintiff's complaint contains only minimal factual allegations for the court to analyze. Although the court is to construe his complaint liberally, even *pro se* plaintiffs must identify some cognizable basis for each legal claim. Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendants fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted). It is not for the court to canvass the United States Constitution and the entirety of the U.S. Code in order to piece together plaintiff's complaint. Furthermore, a *pro se* plaintiff's complaint must not force the court to spend its resources "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). Although he is not required to submit detailed factual allegations under the Federal Rules of Civil Procedure, conclusory statements that use legal buzz words or recite one element of a claim are not sufficient to state a claim at the pleading stage. *See Twombly*, 550 U.S. at 555.

Here, in contrast, plaintiff follows his factual allegations against S. Hanrahan, D. Hanrahan, and Westad with variations of the following blanket accusations: that the defendants engaged in "intentional, injurious, and baseless malice," "harassment, extreme prejudice and bias," "conspiracy" to evict him "through and by means of deceit, lies, misinformation, extreme prejudice and bias," and actions violating his "civil rights to the enjoyment of life and liberty – all based on their collective discrimination against me on the account of my mental disabilities." (ECF. No. 1-1 at 7, 8, 9, 11.) While plaintiff recounts several interactions with defendants, the facts he provides simply do not bear out these lofty legal claims. Further complicating matters, plaintiff repeatedly references documents, some of which he appears to incorporate to support his claims, that are not in fact attached to the complaint. (*Id.* at 3, 4, 6, 7, 8, 11.) Plaintiff fails to identify the specific claims he brings, much less the intended targets of such claims, in the designated spaces on the *in forma pauperis* form. Disentangling and interpreting plaintiff's complaint would be excessively time-consuming for the court, so dismissal is proper. *See McHenry*, 84 F.3d at 1179.

Finally, this court lacks subject matter jurisdiction in this case. *See Csibi v. Fustos*, 670 F.2d 134, 136-37 (9th Cir. 1982). Plaintiff asserts jurisdiction under 28 U.S.C. 1983. (ECF No. 1-1 at 1.) Although plaintiff alleges that the remaining defendants are the recipient of federal funds, such receipt does not transform defendant into a federal actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 840 (1982) ("the school's receipt of public funds does not make the discharge decisions acts of the State"). Plaintiff otherwise fails to state grounds for federal jurisdiction, as he does not base his claims upon federal law, nor does his factual allegations make diversity jurisdiction apparent. *See* 28 U.S.C. § 1331 (2012); 28 U.S.C. § 1332. Without more, the court is unable to entertain plaintiff's complaint.

Still, plaintiff's allegations display a faint possibility that he may have a cognizable claim against S. Hanrahan, D. Hanrahan, and Westad under a federal anti-discrimination statute, such as the Fair Housing Act or its implementing regulations. Accordingly, the court recommends that plaintiff's complaint be dismissed with leave to amend his claims against S. Hanrahan, D. Hanrahan, and Westad because it is not clear at this stage that granting plaintiff leave to amend would be futile. *See Cato*, 70 F.3d at 1106.

### IV. CONCLUSION

Consistent with the foregoing, the complaint as to defendants Shelly, S. Hanrahan, D. Hanrahan, and Westad should be dismissed without prejudice, with leave to amend to cure deficiencies described above. 28 U.S.C. 1915(e)(2)(B)(ii). In addition, the court finds that dismissal as to plaintiff's claims against defendant Gardner is warranted under 28 U.S.C. 1915(e)(2)(B)(iii). Because amendment would be futile, the dismissal as to Gardner should be with prejudice. *See Cato*, 70 F.3d at 1106.

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of

appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** plaintiff's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND** as to claims against defendants Shelly, S. Hanrahan, D. Hanrahan, and Westad;

**IT IS FURTHER RECOMMENDED** that the complaint be **DISMISSED WITH PREJUDICE** as to claims against defendant Gardner;

**IT IS FURTHER ORDERED** that plaintiff shall have **thirty (30) days** from the date that this order is entered to file an amended complaint remedying, if possible, the defects identified above. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court. Plaintiff is advised that if he does not file an amended complaint within the specified time period, the court will recommend dismissal of his complaint WITH PREJUDICE. Plaintiff shall clearly title the amended complaint by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on page 1 in the caption, and plaintiff shall place the case number, 3:17-cv-00342-RCJ-VPC, above the words "FIRST AMENDED COMPLAINT."

DATED: September 11, 2017

UNITED STATES MAGISTRATE JUDGE

8